**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LUCKY'S DETROIT, LLC,

    Plaintiff,

                                          Case No. 09-14622

v.                                        HON. LAWRENCE P. ZATKOFF

DOUBLE L INC.,

    Defendant.

_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

This matter is before the Court on Plaintiff's motion for reconsideration [dkt 63]. Pursuant to E.D. Mich. L.R. 7.1(h)(2), no response is permitted. The Court finds that the facts and legal arguments are adequately presented in Plaintiff's motion and brief such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(h)(2), it is hereby ORDERED that the motion be resolved on the brief submitted. For the reasons set forth below, Plaintiff's motion for reconsideration is DENIED.

Local Rule 7.1(h) governs motions for reconsideration, stating that "the court will not grant motions for rehearing or reconsideration that *merely present the same issues* ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3) (emphasis added). The same subsection further states, "[t]he movant must not only demonstrate a palpable defect by which the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A defect is palpable when it is "obvious, clear, unmistakable, manifest, or plain." *Chrysler Realty Co., LLC v. Design Forum Architects, Inc.*, 544 F.Supp. 2d 609, 618 (E.D. Mich. 2008).

Plaintiff challenges the Court's January 25, 2012, order in which the Court addressed the parties' cross-motions for summary judgment. The Court denied Plaintiff's motion and granted Defendant's motion, finding Defendant's federal registrations valid and Plaintiff was infringing Defendant's marks. Plaintiff now contends that the Court made four palpable defects in its decision:

(1) The Court's holding that Defendant's marks, if valid, are not weakened by widespread third party use and enjoy a wide scope of protection;

(2) The Court's holding that Defendant owned valid federal trademark registrations;

(3) The Court's holding that Defendant's marks are incontestable and cannot be challenged on the basis that they are merely descriptive; and

(4) The Court's failure to view the evidence in the light most favorable to the non-moving party when weighing the Sixth Ciruit's *Frisch* factors (i.e., strength of the mark, relatedness of the goods, similarity of the marks, evidence of actual confusion, marketing channels used, likely degree of purchaser care, intent in selecting the mark, and likelihood of expansion of product lines).

The difficulty with Plaintiff's four defects is that Plaintiff has merely set forth arguments that the Court previously addressed in reaching its decision on the parties' cross-motions for summary judgment. For instance, Plaintiff argues that it provided evidence to the Court regarding the widespread third-party use of Defendant's marks. The Court analyzed the evidence presented in its opinion and order. Applying Sixth Circuit and Federal Circuit case law, the Court concluded that Plaintiff failed to show the marks cited in its evidence were actually being used in commerce.

Plaintiff further misconstrues the Court's decision by arguing that "the Court presumably and *summarily* found the 'Lucky's' and 'Lucky's Steakhouse' marks to be strong marks, based on its conclusion that the marks are incontestable, a conclusion which itself represents a palpable defect." Contrary to Plaintiff's reading of the Court's decision, the Court utilized six pages of its decision to analyze the strength of Defendant's marks. Rather than "summarily" concluding that the marks

were strong, as Plaintiff now argues, the Court analyzed the marks use in connection with the restaurant market, the advertisement of the marks by Defendant, the customer recognition of the marks, and Plaintiff's failure to show widespread third party use in Southeast Michigan. Furthermore, while Plaintiff contends that the Court did not view the evidence in the light most favorable to the non-moving party, the Court notes that it was presented with cross-motions for summary judgment. The Court provided extensive analysis on each one of the four defects that Plaintiff now raises.

In essence, Plaintiff reasserts the same arguments previously reviewed by this Court, and Plaintiff fails to show that reconsidering its arguments will result in a different disposition of the parties' cross-motions for summary judgment. The instant motion expresses only Plaintiff's disagreement with the Court's decision. Such disagreement is not a proper premise on which to base a motion for reconsideration. *See, e.g.*, *Simmons v. Caruso*, No. 08-cv-14546, 2009 WL 1506851, at *1 (E.D. Mich. May 28, 2009); *Cowan v. Stovall*, No. 2:06-CV-13846, 2008 WL 4998267, at *2 (E.D. Mich. Nov. 21, 2008). As such, Plaintiff's motion for reconsideration fails to state a palpable defect by which the Court has been misled. Rather, Plaintiff's motion presents issues that the Court has already ruled upon. S*ee* E.D. Mich. L.R. 7.1(h)(3).

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration [dkt 63] is DENIED.

IT IS SO ORDERED.

                                                      S/Lawrence P. Zatkoff
                                                      LAWRENCE P. ZATKOFF
                                                      UNITED STATES DISTRICT JUDGE

Dated: February 15, 2012

## CERTIFICATE OF SERVICE

  The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 15, 2012.

              S/Marie E. Verlinde
              Case Manager
              (810) 984-3290