UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUCKY'S DETROIT, LLC,

  Plaintiff,

v.

Case No. 09-14622
HON. LAWRENCE P. ZATKOFF

DOUBLE L INC.,

  Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on May 11, 2012.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court on Defendant's Motion for Permanent Injunction [dkt 65]. The motion has been fully briefed. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. Defendant's Motion for Permanent Injunction is GRANTED.

**II. BACKGROUND**

This action involves Plaintiff's use of marks confusingly similar to Defendant's federal and state registered trademarks "Lucky's" and "Lucky's Steakhouse" to identify Plaintiff's restaurant

business. The Court previously set forth the relevant facts in its January 25, 2012, opinion and order addressing the parties' cross-motions for summary judgment, as follows:

> Plaintiff and Defendant each operate bar and dining style establishments in and around the Detroit metropolitan area. Plaintiff, Lucky's Detroit, LLC, a Michigan limited liability company, was formed in February of 2009 and operates three pub-style dining establishments under the name "Lucky's Pub & Grill" within the City of Detroit. . . . In May of 2010, during the pendency of this action, Plaintiff opened a third establishment at 25333 W. 12 Mile in Southfield. Waleed Mona is the manager of all three establishments and owns all interest in Lucky's Detroit, LLC.
>
> Defendant, Double L, Inc., a Michigan corporation, operates five steakhouse-themed restaurants called "Lucky's Steakhouse". The restaurants are located in Imlay City, Davison, Fenton, Clio and Bay City, Michigan, which includes Oakland County, Genesee County, and Lapeer County. Defendant has registered two marks: "Lucky's" and "Lucky's Steakhouse". Defendant has registered its "Lucky's Steakhouse" mark with both the United States Patent and Trademark Office ("USPTO") and the State of Michigan.[1] The mark, "Lucky's", most relevant to this action, was registered (U.S. Trademark Registration #2,459,279) on June 12, 2001. Lucky Vasilakis is owner and officer of Defendant. He has a 100% stake in three of the Lucky's Steakhouses, and a 33% and 50% stake in the other two restaurants.
>
> On October 20, 2009, Defendant notified Plaintiff in writing that it was using Defendant's registered mark and demanded that Plaintiff cease all use and reference to "Lucky's" in its advertising and marketing because Defendant's use and registration predated Plaintiff's use. Plaintiff filed a Complaint for Declaratory Judgment of Non-Infringement of Defendant's marks on November 25, 2009, seeking the Court to declare its rights and obligations with respect to Defendant's mark.

January 25, 2012, Opinion and Order, dkt 62.

After discovery, the parties filed cross-motions for summary judgment. The Court granted

---

[1] Both marks were registered with the State of Michigan in November of 1999.

summary judgment to Defendant with respect to liability. The parties did not brief the issue of damages. The Court found that Plaintiff's marks are confusingly similar to Defendant's marks and infringe on Defendant's trademark rights. Since the Court's January 25, 2012, opinion and order, Defendant asserts that Plaintiff continues to maintain and use the mark that the Court determined infringes on Defendant's trademark rights. As a result, Defendant has filed the instant motion seeking a permanent injunction.

### III. LEGAL STANDARD

In addition to the Court's inherent equitable powers, the Lanham Act provides that a district court may grant injunctive relief to prevent infringement of a party's registered mark. 15 U.S.C. § 1116. A court is to consider the following four factors in determining whether a party is entitled to permanent injunctive relief:

    (1)    whether the movant has shown that he or she would suffer irreparable harm if the permanent injunction is not issued;

    (2)    whether remedies available at law, such as monetary damages, are insufficient to adequately compensate the movant;

    (3)    whether the balance of hardship between the two parties weighs in favor of the movant; and

    (4)    whether the public interest would be served by the issuance of a permanent injunction.

*eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). "The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court." *Id.*

### IV. ANALYSIS

**A. STAY PENDING PLAINTIFF'S APPEAL**

As a threshold matter, Plaintiff has raised in its response that the Court should stay the case, and not address Defendant's motion, pending Plaintiff's appeal of this Court's opinion and order to the Sixth Circuit. When addressing such a request, the Sixth Circuit applies the same standard governing a request for injunctive relief:

> The court balances the traditional factors governing injunctive relief in ruling on motions to stay pending appeal. Thus, we consider (1) whether the defendant has a strong or substantial likelihood of success on the merits; (2) whether the defendant will suffer irreparable harm if the district court proceedings are not stayed; (3) whether staying the district court proceedings will substantially injure other interested parties; and (4) where the public interest lies. *See Grutter v. Bollinger*, 247 F.3d 631, 632 (6th Cir.2001) (order); *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir.1991). . . . However, in order to justify a stay of the district court's ruling, the defendant must demonstrate at least serious questions going to the merits and irreparable harm that decidedly outweighs the harm that will be inflicted on others if a stay is granted. *See In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir.1985).

*Baker v. Adams Cnty./Ohio Valley Sch. Bd.*, 310 F.3d 927, 928 (6th Cir. 2002).

Plaintiff, however has demonstrated no "serious questions going to the merits" in its response. The Court found in its January 25, 2012, opinion and order that six of eight factors—the factors applied by the courts to determine whether Plaintiff's competing mark created a likelihood of confusion—weighed in favor of Defendant. The Court further addressed Plaintiff's motion for reconsideration, in which Plaintiff raised four issues with the Court's opinion and order. In resolving the motion for reconsideration, the Court found no merit in Plaintiff's issues and denied Plaintiff's motion for reconsideration. Plaintiff raises no new grounds in its response. As such,

Plaintiff has failed to demonstrate "serious questions going to the merits," *Baker*, 310 F.3d at 928, and its request to stay this case pending appeal is denied.

**B. PERMANENT INJUNCTIVE RELIEF**

As to Defendant's request for permanent injunctive relief, the Court finds that all four factors weigh in favor of Defendant and therefore grants Defendant's request for a permanent injunction. First, the Court has determined that Plaintiff's use of the "Lucky's" mark in connection with its restaurant establishments in the Detroit metro area infringes upon Defendant's marks and creates a likelihood of confusion. A finding of likelihood of confusion establishes that Defendant has suffered irreparable harm for purposes of the requested injunctive relief. *Wynn Oil Co. v. American Way Serv. Corp.*, 943 F.2d 595, 608 (6th Cir. 1991); *see Circuit City Stores, Inc. v. CarMax, Inc.*, 165 F.3d 1047, 1056 (6th Cir. 1999) ("[A] court need only find that a defendant is liable for infringement or unfair competition for it to award injunctive relief.").

As to the second factor, Plaintiff's continued use of Defendant's mark may not be adequately addressed by monetary damages. It would be difficult to accurately calculate the loss of good will and reputation caused to Defendant by Plaintiff's continued use of confusingly similar marks. *See Fresenius Medical Care Holdings v. Baxter Int'l, Inc.*, 2008 WL 928496, *4 (N.D. Cal. 2008) (noting that loss of goodwill, reputation and the legal right to exclude constitute irreparable injury that cannot be easily remedied through monetary damages). The potential for future harm from further infringement is also a basis to find that remedies at law are inadequate to compensate the moving party. *Audi AG v. D'amato*, 469 F.3d 534, 550 (6th Cir. 2006). Here, Plaintiff's projected future expansion of its establishments also supports that there is no adequate remedy at law. The Court, however, notes that Plaintiff has stated it is in the process of identifying a new mark and

discontinuing the use of a mark confusingly similar to Defendant's. Even so, the second factor weighs in favor of Defendant at the present time.

The third factor also weighs in favor of Defendant. The balance of hardship caused to either party weighs in favor of Defendant because any hardship experienced by Plaintiff is merely the result of complying with applicable federal laws. Furthermore, the Court entered its opinion and order finding that Plaintiff's mark infringed Defendant's trademark rights on January 25, 2012. As of the date that this opinion and order is entered, Plaintiff will have had at least three months to begin identifying a new mark and cease the use of Defendant's mark. Continued use of the confusing similar mark only compounds the consumer confusion in the marketplace and causes hardship to Defendant through loss of reputation and sales. *Id.*

With respect to the final factor, the public interest is served when the Court enforces valid intellectual property rights and prevents an infringing party from continuing to confuse and deceive the public. *Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874, 883 (S.D. Ohio 2007). Having determined that Plaintiff is infringing Defendant's intellectual property rights, the public interest is served by ceasing the infringement of Defendant's marks. Thus, this factor weighs in favor of Defendants.

In sum, the Court grants Defendants request for permanent injunctive relief as ordered below.

### C. THE PARTIES' PROPOSED PRELIMINARY INJUNCTIVE ORDERS

Both parties have submitted proposed preliminary injunctive orders to the Court. In reviewing those proposed orders, the Court finds neither order sufficient. The main difference between the two orders is the time line in which Plaintiff has to stop use of Defendant's marks and adopt a new restaurant mark. Of little surprise, Defendant's time line permits Plaintiff fifteen days

after entry of this opinion and order to stop using Defendant's mark, and thirty days to provide a written statement to the Court of Plaintiff's compliance with the ordered injunctive relief.  On the opposing end of the spectrum, Plaintiff's time line permits Plaintiff 180 days to cease use of Defendant's marks and 210 days to provide the Court with a written statement of its compliance with the ordered injunctive relief.  As the Court sets forth below, Plaintiff is permitted 45 days to cease use of Defendant's marks.  Within 45 days of entry of this order, Plaintiff must also file a written statement with the Court indicating its compliance with this opinion and order.

## V. CONCLUSION

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED that Defendant's request for a permanent injunction [dkt 65] is GRANTED as follows:

1. Plaintiff, its parents, subsidiaries, affiliates, officers, including but not limited to Waleed Mona, agents, distributors, retailers, servants, employees, attorneys, and those in active concert or participation with them, are hereby permanently enjoined from advertising, marketing, promoting, displaying, selling, or otherwise offering restaurant services under the marks LUCKY'S or LUCKY'S PUB & GRILLE or any other mark which is confusingly similar to the LUCKY'S or LUCKY'S STEAK HOUSE marks.

2. Plaintiff, its parents, subsidiaries, affiliates, officers, including but not limited to Waleed Mona, agents, distributors, retailers, servants, employees, attorneys, and those in active concert or participation with them, who receive actual notice of this order by personal service or otherwise, are ordered within forty-five (45) days after entry of this Permanent Injunction to:

    a. remove all signage bearing the mark LUCKY'S PUB & GRILLE from all restaurants owned in whole or in part by Plaintiff and/or Waleed Mona;

    b. remove LUCKY'S and LUCKY'S PUB & GRILLE from all interior signage, menus, buses, staff uniforms or anywhere else that the marks appear in or in connection with all LUCKY'S PUB & GRILLE restaurants owned in whole or in part by Plaintiff and/or Waleed Mona;

    c. remove from the marketplace all Internet, radio, print or other advertisements in which the marks LUCKY'S or LUCKY'S PUB & GRILLE is used by or on behalf of Plaintiff or related establishments;

d.	file a written report under oath with this Court, and serve upon Defendant's counsel, within forty-five (45) days of entry of this Opinion and Order, setting forth in detail the manner and form in which it has complied with this injunction.

IT IS SO ORDERED.

                                                s/Lawrence P. Zatkoff
                                                LAWRENCE P. ZATKOFF
                                                UNITED STATES DISTRICT JUDGE

Dated: May 11, 2012

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 11, 2012.

                                                s/Marie E. Verlinde
                                                Case Manager
                                                (810) 984-3290