## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LUCKY'S DETROIT, LLC,

      Plaintiff,

                                           Case No. 09-14622

v.                                      HON. LAWRENCE P. ZATKOFF

DOUBLE L INC.,

      Defendant.

_____/

## OPINION & ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on August 8, 2012

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Defendant's Motion For An Order to Show Cause Why Plaintiff and Waleed Mona Should Not Be Held in Civil Contempt ("Motion to Compel") [dkt 74]. The motion has been fully briefed. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the following reasons, Defendant's Motion to Compel is GRANTED IN PART and DENIED IN PART.

## II. BACKGROUND

Defendant requests that the Court order Plaintiff and Waleed Mona ("Mona") to show cause why they should not be held in civil contempt for violation of the Court's permanent injunction. The Court entered the permanent injunction on May 11, 2012. [*See* dkt 69]. The Court previously set

forth the facts of this case in its January 25, 2012, opinion and order addressing the parties' cross-

motions for summary judgment, as follows:

> Plaintiff and Defendant each operate bar and dining style establishments in and around the Detroit metropolitan area. Plaintiff, Lucky's Detroit, LLC, a Michigan limited liability company, was formed in February of 2009 and operates three pub-style dining establishments under the name "Lucky's Pub & Grill" within the City of Detroit. . . . In May of 2010, during the pendency of this action, Plaintiff opened a third establishment at 25333 W. 12 Mile in Southfield. Waleed Mona is the manager of all three establishments and owns all interest in Lucky's Detroit, LLC.

> Defendant, Double L, Inc., a Michigan corporation, operates five steakhouse-themed restaurants called "Lucky's Steakhouse". The restaurants are located in Imlay City, Davison, Fenton, Clio and Bay City, Michigan, which includes Oakland County, Genesee County, and Lapeer County. Defendant has registered two marks: "Lucky's" and "Lucky's Steakhouse". Defendant has registered its "Lucky's Steakhouse" mark with both the United States Patent and Trademark Office ("USPTO") and the State of Michigan.[1] The mark, "Lucky's", most relevant to this action, was registered (U.S. Trademark Registration #2,459,279) on June 12, 2001. Lucky Vasilakis is owner and officer of Defendant. He has a 100% stake in three of the Lucky's Steakhouses, and a 33% and 50% stake in the other two restaurants.

> On October 20, 2009, Defendant notified Plaintiff in writing that it was using Defendant's registered mark and demanded that Plaintiff cease all use and reference to "Lucky's" in its advertising and marketing because Defendant's use and registration predated Plaintiff's use. Plaintiff filed a Complaint for Declaratory Judgment of Non-Infringement of Defendant's marks on November 25, 2009, seeking the Court to declare its rights and obligations with respect to Defendant's mark.

January 25, 2012, Opinion and Order, dkt 62.

After discovery, the parties filed cross-motions for summary judgment. In the January 25,

---

[1] Both marks were registered with the State of Michigan in November of 1999.

2012, opinion and order, the Court granted summary judgment to Defendant with respect to liability. The Court found that Plaintiff's marks are confusingly similar to Defendant's marks and infringe on Defendant's trademark rights. After the Court's January 25, 2012, opinion and order, Defendant asserted that Plaintiff continued to maintain and use the mark that the Court determined infringed on Defendant's trademark rights. As a result, Defendant's filed a motion seeking entry of a permanent injunction. On May 11, 2012, the Court granted Defendant's motion and denied Plaintiff's request to stay enforcement of the Court's opinion and order while Plaintiff appealed to the Sixth Circuit. The Court entered the permanent injunction, ordering:

1.  Plaintiff, its parents, subsidiaries, affiliates, officers, including but not limited to Waleed Mona, agents, distributors, retailers, servants, employees, attorneys, and those in active concert or participation with them, are hereby permanently enjoined from advertising, marketing, promoting, displaying, selling, or otherwise offering restaurant services under the marks LUCKY'S or LUCKY'S PUB & GRILLE or any other mark which is confusingly similar to the LUCKY'S or LUCKY'S STEAK HOUSE marks.

2.  Plaintiff, its parents, subsidiaries, affiliates, officers, including but not limited to Waleed Mona, agents, distributors, retailers, servants, employees, attorneys, and those in active concert or participation with them, who receive actual notice of this order by personal service or otherwise, are ordered within forty-five (45) days after entry of this Permanent Injunction to:

    a.  remove all signage bearing the mark LUCKY'S PUB & GRILLE from all restaurants owned in whole or in part by Plaintiff and/or Waleed Mona;

    b.  remove LUCKY'S and LUCKY'S PUB & GRILLE from all interior signage, menus, buses, staff uniforms or anywhere else that the marks appear in or in connection with all LUCKY'S PUB & GRILLE restaurants owned in whole or in part by Plaintiff

3

and/or Waleed Mona;

c.      remove from the marketplace all Internet, radio, print or other advertisements in which the marks LUCKY'S or LUCKY'S PUB & GRILLE is used by or on behalf of Plaintiff or related establishments;

d.      file a written report under oath with this Court, and serve upon Defendant's counsel, within forty-five (45) days of entry of this Opinion and Order, setting forth in detail the manner and form in which it has complied with this injunction.

May 11, 2012, Opinion and Order, dkt 69.

Plaintiff had forty-five days to comply with the permanent injunction and to file a written report detailing the manner and form in which Plaintiff had complied. Forty-five days passed and Plaintiff never filed a written report with the Court as directed in the preliminary injunction. Plaintiff has appealed the permanent injunction to the Sixth Circuit Court of Appeals. On July 9, 2012, Defendant filed the Motion to Compel asserting that Plaintiff also continues to identify and advertise its establishments as LUCKY'S PUB & GRILLE. Defendant requests that Plaintiff and Mona should be held in civil contempt for failure to comply.[2]

### III. ANALYSIS

Defendant requests that Court:

(A)      show cause Plaintiff and Mona (as owner of Plaintiff) as to why they should not be held in civil contempt;

(B)      find Plaintiff and Mona in civil contempt;

---

[2] Plaintiff's appeal of the permanent injunction does not divest this Court of jurisdiction to address the Motion to Compel. "Although a district court may not alter or enlarge the scope of its judgment pending appeal, it does retain jurisdiction to enforce the judgment." *City of Cookeville, Tenn. v. Upper Cumberland Elec. Member. Corp.*, 484 F.3d 380, 394 (6th Cir. 2006) (internal quotation omitted).

4

(C)     assess monetary sanctions against them until they comply with the permanent injunction; and

(D)     award Defendant the costs and attorney's fees incurred in enforcing the permanent injunction.

## A. SHOW CAUSE

Defendant filed this motion on July 9, 2012. On August 1, 2012, Plaintiff filed a response to the Motion to Compel with attached exhibits. Plaintiff's response addresses Defendant's arguments, and indicates why Plaintiff should not be held in contempt of the Court's permanent injunction. The Court therefore finds that issuing an order to show cause would serve no purpose other than requiring Plaintiff to file an additional pleading—likely containing the same arguments and exhibits already presented to the Court. As such, Defendant's request for an order to show cause Plaintiff and Mona is DENIED AS MOOT. The Court will consider the parties' papers and the record before determining whether Plaintiff and Mona should be held in contempt.

## B. CONTEMPT OF COURT

A court may find a party in contempt of court "to enforce its order or supervise its judgment." *Elec. Workers Pension Trust Fund of Local Union #58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003). In this case, Defendant must prove by clear and convincing evidence that Plaintiff knowingly violated a specific order of the court. *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996). Plaintiff must then "'show categorically and in detail why [it] is unable to comply with the court's order.'" *Elec. Workers Pension Trust Fund*, 340 F.3d at 379 (quoting *Rolex*, 74 F.3d at 720). When determining an appropriate sanction, the court should consider "the harm caused by noncompliance, 'and the probable effectiveness of any suggested sanction in bringing about the result desired.'" *Glover v. Johnson*, 199 F.3d 310, 312 (6th Cir. 1999)

(quoting *United States v. United Mine Workers*, 330 U.S. 258, 304 (1947)) .

Specific to this Motion to Compel, Defendant has asserted that Mona, along with Plaintiff, should be held in contempt based on his role as the owner and principal of Plaintiff.  The Court will address each in turn.

### 1. Plaintiff

Defendant has presented evidence to the Court that Plaintiff continues to display exterior signage at its locations, as well as a bus, which violate the permanent injunction.  Defendant also points out that Plaintiff continues to operate a website at http://www.luckysdetroit.com, in which the restaurants are identified and advertised in violation of the permanent injunction.[3]  As the Court noted previously, Plaintiff also failed to file a written report within forty-five days after entry of the permanent injunction.

In response, Plaintiff has explained that it is attempting to comply with the permanent injunction, but events outside of its power have delayed compliance.  Plaintiff explains that because of the required licensing from the State of Michigan, specifically related to the Michigan Liquor Control Commission ("MLCC"), changing the name of Plaintiff's establishments is not possible within forty-five days.  Plaintiff has also submitted evidence that it has amended its state corporate records, changing Plaintiff's name to the Ultimate Sports Bar & Lounge.

Despite Plaintiff's evidence that it is in the process of discontinuing use of LUCKY'S PUB & GRILL, the Court notes that:

(1)    the amendments to the state corporate records demonstrate that Mona signed them

---

[3]As of August 7, 2012, the Court reviewed the website address submitted by Defendant—www.luckysdetroit.com.  The Court also was able to view advertisement and information regarding Plaintiff's establishments at http://luckysdetroit.com.

on July 30, 2012;

(2)     a letter to the MLCC regarding the permanent injunction and subsequent name change is dated August 1, 2012; and

(3)     the application registering "ULTIMATE SPORTS BAR & LOUNGE" was signed by Plaintiff's counsel on July 26, 2012.

Plaintiff's evidence, thus, only indicates why future compliance with the permanent injunction will take additional time.  But, the evidence fails to show why Plaintiff waited until the end of July 2012 to take concrete steps toward changing its establishments' names—an issue that it was aware of in January 2012, when the Court decided the parties' cross-motions for summary judgment.  The dates on Plaintiff's documents are also well outside the forty-five days provided for Plaintiff to comply with the permanent injunction (entered on May 11, 2012).  It indicates that Plaintiff failed to timely attempt to comply with the permanent injunction entered in May 2012.  Plaintiff's delay and decision to not file a written report (or seek an extension from the Court) is inexcusable.  The Court therefore finds Plaintiff in contempt for failing to comply with the permanent injunction.

### 2. Mona as Principal of Plaintiff Corporation

This Circuit has found that an officer of a named-party corporation may be held subject to a court's finding of contempt along with the party corporation.  *Elec. Workers Pension Trust Fund*, 340 F.3d at 382.  Such a finding of contempt against both the officer and party corporation typically requires proof that the officer "prevented compliance or failed to take appropriate action within his [or her] power for the performance of the corporate duty," including failure "to take action or attempt compliance."  *Id.* at 383.

Mona is the principal officer and owner of Plaintiff.  There is ample evidence that Mona "prevented compliance" or failed to "take action or attempt compliance" within Mona's "power"

as the principal of Plaintiff. *See id.* While Mona may be unable to expedite the process involved in changing documents with the MLCC, Mona had sufficient "power" to remove the website using the marks that violate the permanent injunction, as well as ensure that the Court received a written report in forty-five days after entry of the permanent injunction.

Mona believes that the Court did not fully appreciate the "burdensome task" to comply with the permanent injunction within forty-five days. Mona's belief, however, fails to excuse why Plaintiff was unable to file a written report (whether compliance had been met or not) or request an extension for compliance once Mona was aware Plaintiff would be unable to comply in forty-five days. Rather, Plaintiff and Mona chose to ignore the permanent injunction. Furthermore, as the Court noted regarding the dates on the documents presented to the Court, Mona's delay in contacting the MLCC and changing Plaintiff's corporate records is inexcusable. Accordingly, the Court finds that Mona is also held in contempt of the permanent injunction. Defendant's Motion to Compel is GRANTED in this respect.

### C. Pay Monetary Sanctions to Coerce Compliance

With respect to civil contempt proceedings, "'[j]udicial sanctions . . . may, in a proper case, be employed for either or both of two purposes; to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *Id.* at 379 (quoting *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303–04 (1947)).

Based on the Court's finding of contempt, the Court finds judicial sanctions are appropriate to ensure that Plaintiff and Mona continue to comply with the permanent injunction as expeditiously as possible. When considering an appropriate sanction for violation of an injunction, the court should consider the magnitude of the harm caused by the violation, and the deterrent effect of the

8

sanction. *Glover*, 199 F.3d at 312. The Court acknowledges that because the corporate name changes have only recently been started, compliance will not occur within a short time after entry of this Order. The MLCC will still need to approve the appropriate changes such that Plaintiff is not violating MLCC regulations and related Michigan law. Thus, an appropriate monetary sanction will have no effect on ensuring compliance, if the monetary sanctions are assessed against Plaintiff and Mona as of the date this Order is entered. The Court, however, still finds monetary sanctions are appropriate.

Accordingly, the Court assesses monetary sanctions against Plaintiff and Mona as follows:

(a)     the monetary sanction will <u>not</u> begin accruing against Plaintiff and Mona, in favor of Defendant, <u>until</u> forty-five (45) days after entry of this Order; and

(b)     the monetary sanction will be in the amount of $500 per day, and will be assessed against Plaintiff and Mona, to be paid to Defendant, for <u>each</u> day Plaintiff is not in compliance with the permanent injunction.

### D.  AWARD COSTS AND FEES TO DEFENDANT

For the reasons discussed above, the Court finds that Plaintiff has disregarded the Court's permanent injunction until most recently. Most notably, Plaintiff failed to file the required written report as ordered by the Court or file any other pleading requesting that the Court extend Plaintiff's time to comply based on the reasons Plaintiff has now presented to the Court in its response to the Motion to Compel. There is also no indication that Plaintiff has been in contact with Defendant to indicate the status of Plaintiff's compliance (and the difficulties now outlined in Plaintiff's response). Plaintiff's disregard and delay required the filing of the Motion to Compel, which could have been circumvented had Plaintiff simply communicated its position to the Court. The Court even provided an ample opportunity by requiring Plaintiff to file a written report forty-five (45) days after entry of the preliminary injunction. The Court finds that Defendant is entitled to an award of

9

costs and attorney's fees incurred by Defendant in filing the Motion to Compel.[4] Thus, Defendant's request for an award of costs and attorney's fees is GRANTED.

Defendant must prepare a <u>detailed</u> bill calculating the costs and attorney's fees (at a minimum, listed in 1/4 hour increments) incurred by Defendant in filing the Motion to Compel. Defendant shall provide that bill to Plaintiff, along with submitting a copy to the Court, within ten (10) days after entry of this Order. Plaintiff shall pay the bill within ten (10) days of receipt. Any objections to the bill must be filed with the Court no later than ten (10) days after receipt of the bill by Plaintiff.

## IV. CONCLUSION

Accordingly, and for the above reasons, IT IS HEREBY ORDERED that Defendant's Motion For An Order to Show Cause Why Plaintiff and Waleed Mona Should Not Be Held in Civil Contempt [dkt 74] is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.


S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: August 8, 2012

---

[4] Defendant requests an award of costs and attorney's fees "in enforcing the Permanent Injunction." Given the broad interpretation that may be derived from this language, the Court is restricting Defendant's recovery to the typical costs associated with filing the Motion to Compel.

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 8, 2012.

S/Marie E. Verlinde
Case Manager
(810) 984-3290