**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LUCKY'S DETROIT, LLC,

    Plaintiff,

v.

                                      Case No. 09-14622
                                      HON. LAWRENCE P. ZATKOFF

DOUBLE L INC.,

    Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on September 30, 2014

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This action involved Plaintiff's use of Defendant's federal and state registered trademarks "Lucky's" and "Lucky's Steakhouse" to identify Plaintiff's restaurant business. In 2013, the Sixth Circuit Court of Appeals affirmed this Court's ruling that granted Defendant's request for a permanent injunction barring Plaintiff from using advertising, marketing, promoting, displaying, selling or otherwise offering restaurant services under the marks "Lucky's" or "Lucky's Pub & Grille" or any other mark which is confusingly similar to the "Lucky's" or "Lucky's Steak House" marks. Thereafter, the parties conferred with the Court, and the Court ordered the parties to brief the issues of whether Defendant is entitled to damages and/or attorney fees for succeeding on its countercomplaint. The parties have fully briefed those issues. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is

hereby ORDERED that the issues be resolved on the briefs submitted. For the reasons that follow, the Court concludes that: (a) Defendant may pursue its claim for damages, and (b) Defendant is not entitled to attorney fees under the Lanham Act.

## II. BACKGROUND

The relevant facts regarding this matter were set forth in detail in: (1) this Court's January 25, 2012, Opinion and Order, (2) this Court's May 11, 2012, Opinion and Order, and (3) the Sixth Circuit's August 9, 2013, Opinion, and such facts are incorporated herein by reference. In summary, the Court: (a) found that Plaintiff infringed on Defendant's federal trademark and violated the Lanham Act, and (b) issued a permanent injunction barring Plaintiff from using advertising, marketing, promoting, displaying, selling or otherwise offering restaurant services under the marks "Lucky's" or "Lucky's Pub & Grille" or any other mark which is confusingly similar to the "Lucky's" or "Lucky's Steak House" marks. The Sixth Circuit affirmed the Court's rulings. The parties have not previously addressed the issues of damages and attorney fees.

## III. ANALYSIS

### A. Defendant May Pursue a Claim for Monetary Damages

Under the Lanham Act:

> When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office, a violation under section 1125(a) or (d) of this title, or a willful violation under section 1125(c) of this title, shall have been established in any civil action arising under this chapter, ***the plaintiff shall be entitled,*** subject to the provisions of sections 1111 and 1114 of this title, and ***subject to the principles of equity, to recover (1) defendant's profits***, (2) any damages sustained by the plaintiff, and (3) the costs of the action. The court shall assess such profits and damages or cause the same to be assessed under its direction. In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed. In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount. If the court

> shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. Such sum in either of the above circumstances shall constitute compensation and not a penalty. The court in exceptional cases may award reasonable attorney fees to the prevailing party.

15 U.S.C. § 1117(a) (emphasis added). As stated by the Sixth Circuit, the statute "direct[s] that subject to certain exceptions that do not apply to this case, 'the plaintiff shall be *entitled . . . to recover*' any profits defendant gained by the infringement." *Wynn Oil Co. v. Am Way Serv. Corp.*, 943 F.2d 595, 605 (6th Cir. 1991) (emphasis in original) (citing 15 U.S.C. § 1117(a)). Importantly, the statutory text does not require "bad faith" or "willful infringement" for recovery of infringement of a registered trademark, or a violation under Section 43(a) of the Lanham Act.

Defendant argues that, "[t]he traditional rule in trademark infringement cases is that there is no disgorgement of profit," however, Defendant cites no authority for this position. Defendant further argues that, "[d]isgorgement is only appropriate where there is unjust enrichment, deterrence and compensation." *Citing Wynn*, 943 F.2d at 606-07. In fact, what the *Wynn* court actually stated was that:

> The Lanham Act specifically provides for the awarding of profits in the discretion of the judge subject only to principles of equity . . . "**The trial court's primary function is to make violations of the Lanham Act unprofitable to the infringing party.**" Other than general equitable considerations, there is no express requirement that the parties be in direct competition or that the infringer willfully infringe the trade dress to justify an award of profits. Profits are awarded under different rationales including unjust enrichment, deterrence, and compensation.

*Id.* (emphasis added) (citing *Roulo v. Russ Berrie & Co.*, 886 F.2d 931, 941 (7th Cir. 1989)(citations omitted), *cert. denied*, 493 U.S. 1075 (1990)).

It is true that the Sixth Circuit recently stated that, in order to recover (*i.e.*, "disgorge") profits of an infringing party, a balancing of the equities is necessary. *See Laukis v. Rio Brands, Inc.*, 391 Fed. Appx. 416, 423-24 (6th Cir. 2010). The *Laukis* court noted the following six

criteria outlined by the Fifth Circuit for purposes of determining whether or not to award damages:

      (a)      whether [Plaintiff] had the intent to confuse or deceive;
      (b)      whether sales have been diverted;
      (c)      the adequacy of other remedies;
      (d)      any unreasonable delay by the [Defendant] in asserting [its] rights;
      (e)      the public interest in making the misconduct unprofitable; and
      (f)      whether it is a case of palming off.

*Id.* at 424 (citing *Quick Technologies v. Stage Group, PLC*, 313 F.3d 338, 348-49 (5th Cir. 2003)). The *Laukis* court, however, in no way overturned the *Wynn* court's ruling that the "trial court's primary function is to make violations of the Lanham Act unprofitable to the infringing party."

      As applied to the facts of this case, Plaintiff has produced evidence that several of the criteria may weigh in its favor (*e.g.*, there is no evidence of sales being diverted, it is not a case of palming off, and Plaintiff (not Defendant) filed the cause of action). Nevertheless, the fact is that Plaintiff opened two of the four formerly infringing restaurants during the pendency of this lawsuit—after Defendant had filed its counterclaims for trademark infringement and violation of the Lanham Act. In addition, it appears from the limited financial information produced by Plaintiff, at least one of the restaurants made a profit. Significantly, Plaintiff did not produce any financial information regarding one of the four restaurants. Plaintiff indicates the other two restaurants suffered losses, however, none of the financial information produced by Plaintiff is certified, nor is there any indication of the origin of the financial information. Finally, it is unclear whether one of the "entities" for which financial information was produced is actually one of the four formerly infringing restaurants.

      Therefore, for the reasons set forth above, this Court finds that, as the *Wynn* court held, Defendant "shall be entitled . . . to recover any profits [Plaintiff] gained by the infringement." Accordingly, the Court holds that Defendant may pursue damages in the amount of Defendant's

profits from the operation of the four formerly infringing restaurants.

**B.     Attorney Fees Not Warranted**

In its brief, Defendant notes that the final sentence of 15 U.S.C. §1117(a) states: "The court in exceptional cases may award reasonable attorney fees to the prevailing party." In *Hindu Incense v. Meadows*, 692 F.2d 1048, 1051-52 (6th Cir. 1982), the Sixth Circuit indicated that "exceptional cases" are those cases in which the infringement was "malicious, willful, fraudulent, or deliberate."

As this Court and the Sixth Circuit have found that Plaintiff's conduct was not malicious, willful, fraudulent, or deliberate, Defendant has concluded that this is not an "exceptional" case that would warrant an award of attorney's fees. Plaintiff concurs with Defendant's assessment, and the Court agrees with the parties. Therefore, as this is not an exceptional case involving malicious, willful, fraudulent or deliberate infringement, the Court holds that Defendant is not entitled to an award of attorney fees under the Lanham Act.

**C.     Miscellaneous**

In this case, Defendant has asked for a jury trial, but it appears that the remaining damages sought by Defendant are the disgorgement of Plaintiff's profits, if any. As the disgorgement of profits is an equitable remedy, Defendant is not entitled to a jury trial on that issue. *See, e.g., Ferrari S.P.A. v. Roberts*, 944 F.2d 1235, 1248 (6th Cir. 1991) (party not entitled to a jury trial when only relief sought was an injunction and disgorgement of profits).

The Court also notes that the financial information produced by Plaintiff in its briefing to date has been confusing and is neither complete nor certified. Therefore, the Court orders Plaintiff to produce to Defendant, and file under seal with this Court, within 30 days from the date of this Opinion and Order:

>    1.     The names of each of the four formerly infringing restaurants, the addresses and supporting legal documentation that establishes that each of the four formerly infringing restaurants is, in fact, one of the four restaurants that is the subject of

        Defendant's counterclaims; and

    2.    Certified financial statements for all four of Plaintiff's formerly infringing restaurants.

Defendant shall then have 30 days from the receipt of such certified financial statements to file a brief with the Court requesting the amount of profits it seeks to disgorge. Plaintiff shall then have 30 days from the date Defendant's brief is filed to respond, and Defendant shall have 14 days from the date Plaintiff's response is filed to reply. Importantly,

> The United States Supreme Court has made clear that "[t]he burden is the infringer's to prove that his infringement had no cash value in sales made by him. If he does not do so, the profits made on sales of goods bearing the infringing mark properly belong to the owner of the mark."

*Laukis*, 391 Fed. Appx. at 424 (quoting *Mishawaka Rubber & Woolen Mfg. Co. v. S.S. Kresge Co.*, 316 U.S. 203, 206–07 (1942)).

## IV. CONCLUSION

For the reasons set forth above, the Court hereby ORDERS that Defendant may pursue a claim for monetary damages in conjunction with its successful Lanham Act counterclaim.

IT IS FURTHER ORDERED that Defendant is not entitled to an award of attorney fees under the Lanham Act.

For the reasons discussed above, IT IS FURTHER ORDERED that, as the only remaining issue in this matter (how much to disgorge Plaintiff's profits, if any, at the four formerly infringing restaurants) is equitable, the issue shall be determined by the Court, not a jury.

IT IS FURTHER ORDERED that Plaintiff shall produce to Defendant, and shall file under seal with this Court, within 30 days from the date of this Opinion and Order:

    A.    The names of each of the four formerly infringing restaurants, the addresses and supporting legal documentation that establishes that each of the four formerly infringing restaurants is, in fact, one of the four restaurants that is the subject of Defendant's counterclaims; and

    B.    Certified financial statements for all four of Plaintiff's formerly infringing restaurants.

IT IS FURTHER ORDERED that Defendant shall then have 30 days from the receipt of such certified financial statements to file a brief with the Court requesting the amount of profits it seeks; Plaintiff shall then have 30 days from the date Defendant's brief is filed to respond; and Defendant shall have 14 days from the date Plaintiff's response is filed to reply.

IT IS SO ORDERED.

                                      S/Lawrence P. Zatkoff
                                      HON. LAWRENCE P. ZATKOFF
                                      UNITED STATES DISTRICT JUDGE

Dated: September 30, 2014