UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUCKY'S DETROIT, LLC,

        Plaintiff,                       Civil Case No. 09-14622
                                                Honorable Linda V. Parker

v.

DOUBLE L INC.,

        Defendant

DOUBLE L INC.,

        Counter Plaintiff

LUCKY'S DETROIT, LLC

        Counter Defendant.
_____/

**OPINION AND ORDER GRANTING DOUBLE L INC.'S REQUEST FOR DISGORGEMENT OF PROFITS**

The instant action involves registered trademark infringement. Presently before the Court is Counter Plaintiff Double L Inc.'s Request for Disgorgement of Profits. (ECF No. 97.) For the reasons stated below, the Court **GRANTS** Double L's disgorgement request.

    1. **Factual Background**

This lawsuit involves Counter Defendant Lucky's Detroit LLC's ("Counter Defendant" or "Lucky's Detroit") use of Counter Plaintiff Double L Inc.'s

1

("Counter Plaintiff" or "Double L") federal and state registered trademarks "Lucky's" and "Lucky's Steakhouse" to identify Counter Defendant's restaurant business. In 2013, the Sixth Circuit affirmed United States District Judge Lawrence P. Zatkoff's ruling that granted Double L's request for a permanent injunction barring Counter Defendant from using advertising, marketing, promoting, displaying selling or otherwise offering restaurant services under the "Lucky's" or "Lucky's Steak House" marks. Thereafter, Judge Zatkoff made the determination that Double L was entitled to recover any profits that Counter Defendant gained as a result of infringing on Double L's federal trademark pursuant to the Lanham Act, 15 U.S.C. § 1117(a). (ECF No. 94 at Pg. ID 1581.) Furthermore, Judge Zatkoff permitted Double L to pursue damages in the amount of Counter Defendant's profits deriving from the operation of its "four formerly infringing restaurants," that had violated Double L's federal trademark. (*Id.* at Pg. ID 1582).

In his opinion, Judge Zatkoff noted that "the financial information produced by [Counter Defendant] in its briefing to date has been confusing and is neither complete nor certified." (*Id.*) Consequently, Judge Zatkoff ordered that Counter Defendant produce the following:

> (1) The names of each of the four formerly infringing restaurants, the addresses and supporting legal documentation that establishes that each of the four formerly infringing restaurants is, in fact, one of the four restaurants that is the subject of Defendant's counterclaims; and

2

    (2) Certified financial statements for all four of Plaintiff's formerly infringing restaurants

(*Id.* at Pg. ID 1582–83.)

Thereafter, in an effort to satisfy Judge Zatkoff's order, Counter Defendant submitted: (1) tax returns for its business located at 24200 Grand River Ave., Detroit, MI 48219, for years 2009 through 2011; (2) tax returns for its business located at 2690 East Jefferson, Detroit MI 48207, for years 2009 through 2012; and (3) tax returns for its business located at 3122 Ecorse, Romulus, MI 48174, for year 2011. (ECF No. 95.) Counter Defendant also stated that it could not provide any of the requested documents for the location at 25333 West 12 Mile Rd, Southfield, MI 48034, since Counter Defendant purportedly managed this location and did not own it. (*Id.* at Pg. ID 1585.) After Counter Defendant provided the aforementioned documents, Double L filed its Request for Disgorgement of Profits, presently before the Court. (ECF No. 97.)

### 2. Production of Certified Financial Statements

In its disgorgement request, Double L correctly asserts that Counter Defendant failed to produce complete financial records showing the profits earned. (Disgorgement Request, ECF No. 97 at Pg. ID 1676.) The documents provided by Counter Defendant are not certified and do not cover the entire span of the infringement period. When the case was transferred from Judge Zatkoff to this Court, this Court indicated in its November 24, 2015 order that Counter Defendant

had yet to comply with Judge Zatkoff's order to provide certified financial statements. (ECF No. 105 at Pg. ID 1808.) As a result, the Court ordered Counter Defendant to provide the following:

> A certified financial statement is a financial statement – such as: (1) an income statement; (2) cash flow statement; or (3) balance sheet – that has been audited and signed off on by an accountant who has reviewed the details of a financial statement following the General Accepted Accounting Principles (GAAP) guidelines, and is confident the numbers reported within said statement are accurate.
>
> [Counter Defendant] should provide certified financial statements for each of the four formerly infringing restaurants for each year each restaurant was in existence. Specifically, the Court requests that [Counter Defendant] submit any of the three abovementioned certified financial statements for: (1) years 2008-2012 for the Lucky's Pub & Grille – Grand River Location; (2) years 2008- 2012 for the Lucky's Pub & Grille – Detroit location; (3) years 2011-2012 for the Lucky's Pub & Grille – Romulus location; and (4) years 2010-2012 for the Lucky's Pub & Grille – Southfield location.
>
> Additionally, [Counter Defendant] must provide the court with tax documents, signed by its certified public accountant for: (1) years 2008-2012 for the Lucky's Pub & Grille – Grand River Location; (2) years 2008- 2012 for the Lucky's Pub & Grille – Detroit location; (3) years 2011-2012 for the Lucky's Pub & Grille – Romulus location; and (4) years 2010-2012 for the Lucky's Pub & Grille – Southfield location. [Counter Defendant] must supply the requisite documents to the Court within twenty-one (21) days.

(*Id.* at Pg. ID 1808-09.)

In response to this Court's Order, and as a justification for why it has failed to produce the certified documents requested by this Court and Judge Zatkoff, Counter Defendant asserted that its businesses have been out of business for an

extended period and that it has provided all the documentation in its possession covering the infringement period. (ECF No. 106 at Pg. ID 1811.) Further, Counter Defendant submitted additional materials – still not in compliance with this Court's order – and requested "that due to the circumstances, that this Honorable Court make its own independent determination of damages as it deems fit in view of the documentation provided." (*Id.*)

Similarly, Double L, in its disgorgement request, stated that despite Counter Defendant's failure to produce complete financial records showing the profits earned for each restaurant for the period of infringement, "in the interest of closure and minimizing the additional attorney fees Double L would incur in continuing to pursue the missing information and documents, Double L proceeds with its request for damages with the information provided by Lucky's Detroit despite the deficiencies in Lucky's Detroit financial disclosure outlined herein." (Disgorgement Request, ECF No. 97 at Pg. ID 1676, n. 1.) Accordingly, the Court will analyze Double L's disgorgement request with the information that has been provided by Counter Defendant and Double L.

### 3. Ascertainment of Profits

As to the monetary recovery allowable for a violation of trademark rights, 15 U.S.C. § 1117(a) holds that "the plaintiff shall be entitled… to recover" any profits that a defendant gained by the infringement. 15 U.S.C 1117(a); *Wynn Oil Co. v.*

*American Way Service Corp.*, 943 F.2d 595, 605. Further, the Sixth Circuit holds that the burden is the infringer's to prove that his infringement had no cash value in sales made by him. *See id.* at 606.

(a) **Detroit – Grand River Avenue Location**

With respect to Counter Defendant's business at 24200 Grand River Avenue, Detroit, MI 48219 – the federal tax returns for year 2009 provided for this location by Counter Defendant demonstrate a net loss for years 2009 through 2011. (*See* ECF No. 95 at Pg. ID 1589, 1595, 1602; ECF No. 106-4 at Pg. ID 1852.) Double L does not dispute the fact that the information submitted by Counter Defendant indicates a net loss at the Grand River Avenue location. (Disgorgement Request, ECF No. 97 at Pg. ID 1677.)

(b) **Romulus Location**

Regarding the business location at 31222 Ecorse, Romulus, MI 48174, the federal tax return for year 2011 provided for this location by Counter Defendant demonstrates a net loss for year 2011. (*See* ECF No. 95 at Pg. ID 1655; ECF No. 106-3 at Pg. ID 1839.) Double L does not dispute the fact that Counter Defendant claims a net loss in said tax return submitted. (Disgorgement Request, ECF No. 97 at Pg. ID 1678.)

### (c) Detroit – East Jefferson Location

Concerning the business located at 2690 East Jefferson, Detroit MI, 48207, Double L asserts that the federal tax returns provided by Counter Defendant indicate a net loss in 2009, but a net profit for 2010, 2011, and 2012. (*Id.*) Double L's assertion is supported by the documentation supplied by Counter Defendant. The 2009 tax return provided demonstrates a net loss (ECF No. 95 at Pg. ID 1645; ECF No. 100 at Pg. ID 1751.) The 2010 tax return demonstrates a profit of $18,838.00 (ECF No. 100 at Pg. ID 1783; ECF No. 106-2 at Pg. ID 1840.) The 2011 tax return demonstrates a profit of $203,852.00. (ECF No. 95 at Pg. ID 1627; ECF No. 100 at Pg. ID No. 1791.) The 2012 tax return demonstrates a profit of $297,076.00. (ECF No. 95 at Pg. ID 1615.) Double L's finding of Counter Defendant's sales is not contested by Defendant in its responsive brief. Accordingly, the Court finds that Plaintiff is entitled to Counter Defendant's 2010 profits ($18,838.00); 2011 profits ($203,852.00); 2012 profits ($297,076.00). This is a combined total of $519,766.00 to which Double L is entitled.

### (d) Southfield Location

Double L next asserts that contrary to Counter Defendant's assertions, Counter Defendant was in fact the owner of the business located at 25333 West 12 Mile Road, Southfield MI 48034. Specifically, Double L argues that Counter Defendant's claim that it did not have access to the financial records for the

7

Southfield location because Counter Defendant only managed the location "[is] contradicted by the fact that during discovery in this case Lucky's Detroit produced financial records for the Southfield location, namely a 'Profit & Loss' statement claiming net profits of $50,214.59 for May 2010 through December 2010." (Disgorgement Request, ECF No. 97 at Pg. ID 1680.)

Counter Defendant seeks to demonstrate that it managed rather than owned the restaurant in question by providing a "management agreement" between Mr. Mona and DeWay HCG Acquisition, LLC. (Management Agreement, ECF No. 99 at Pg. ID 1742.) However, the Sixth Circuit, as well as this Court has already made the determination that Counter Defendant was the owner of the Southfield location. Specifically, in its opinion affirming Judge Zatkoff's ruling the Sixth Circuit held that:

> [Counter Defendant] operates three pub-style establishments under the name "Lucky's Pub & Grille," two in downtown Detroit, which have been in business since sometime in 2008 and October 2009, and a third in Southfield, which opened in May 2010 during the pendency of this action. All three restaurants are owned and managed by Waleed Mona.

*Lucky's Detroit, LLC v. Double L, Inc.*, 533 F. App'x 553, 554 (6th Cir. 2013).

Judge Zatkoff and the Sixth Circuit have already determined that Counter Defendant is the owner of the Southfield business in dispute. Counter Defendant cannot now, at this stage, for the first time, raise that it was not the owner of a business entity at issue in this lawsuit. This case has been ongoing since 2009,

8

litigation has ended, and all that remains to be done by this Court is a damages calculation.

> Moreover, in the management agreement it is stated that:
>
> Owner and Manager have entered into a Purchase Agreement [ ] of even date in which Owner shall sell to Manager, and Manager shall purchase from Owner, the Business including the Liquor License. The closing of the sale cannot be consummated until Owner is duly authorized to transfer to Manager the Liquor License for use at the business.

(ECF No. 99 at Pg. ID 1742.) This language suggests that this purported management agreement between Counter Defendant and DeWay HGC Acquisition, LLC was temporary and that Counter Defendant always intended on being the owner of the business. Counter Defendant has failed to provide any documentation indicating that it never obtained a liquor license and the Sixth Circuit holds that the burden of apportioning profits is on defendants. *Wynn*, 943 F.2d at 606. Since Counter Defendant has not met this burden, the fact remains that Counter Defendant is the owner of the Southfield location.

Further, during Counter Defendant's deposition, Waleed Mona, the undisputed owner and manager of the three other businesses at issue in this lawsuit, was asked the following with respect to the Southfield business:

> Q: You have another corporation called Lucky's Southfield?
> A: Yes.
> Q: And does that corporation also operate under the name Lucky's Pub & Grille?
> A: Yes.

9

> Q: Do you own Lucky's Southfield alone, or with partners?
> A: Alone.

(Mona Dep., ECF No. 97-2 at Pg. ID 1688.)

Thus, the deposition testimony clearly demonstrates that at the time of this lawsuit, Counter Defendant was well aware of the fact that it owned, rather than simply managed, the Southfield location.

In support of Double L's assertion that Counter Defendant claimed a profit of $50, 214.59 at its business located at 25333 West 12 Mile Road, Southfield, MI 48034, Double L provides a "Profit & Loss" statement – originally produced by Counter Defendant during discovery. The statement does in fact indicate a profit of $50, 214.59 for May 28, 2010 through December 31, 2010. (ECF No. 97-8 at Pg. ID 1727–28.) Counter Defendant does not dispute the validity of the statement, it only disputes that it is the owner of the business. Given that the Court has determined that Counter Defendant is the owner of the Southfield location, and Counter Defendant has failed to make a demonstration that its infringement had no cash value in its sales, Double L is entitled to recover the $50,214.59 profit.

Double L requests that this Court use Counter Defendant's May through December 2010 profit at the Southfield location, as a guide for Counter Defendant's likely profits in 2011 and 2012, based on a monthly average derived from the 2010 earnings. (Disgorgement Request, ECF No. 97 Pg. ID 1684). This

assertion is implausible. The economy fluctuates perpetually. Further, as Double L has already acknowledged, some of Counter Defendant's other businesses suffered net losses during these years. Additionally, even Counter Defendant's business located at 2690 East Jefferson, Detroit MI, 48207 – which did make profits during 2010 through 2012 – suffered a net loss in 2009. Accordingly the Court finds that Counter Defendant's profit at the Southfield location for May through December 2010 is not foretelling of the profits made in 2011 and 2012 and the Court accordingly declines to use said profit as a guide.

4. **Conclusion**

For the foregoing reasons, Plaintiffs are entitled to the profits from the East Jefferson Location ($519,766.00) as well as the Southfield location ($50,214.59), for a combined total of $569,980.59.

Accordingly, Double L's Request for Disgorgement of Profits is **GRANTED**. Further, **IT IS HEREBY ORDERED** that Counter Defendant Lucky's Detroit, Inc. shall pay the total sum of $569,980.59 to Counter Plaintiff Double L, Inc. The Court will enter a judgment consistent with this decision.

**IT IS SO ORDERED**.

                                             s/ Linda V. Parker
                                             LINDA V. PARKER
                                             U.S. DISTRICT JUDGE

Dated: March 24, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 24, 2016, by electronic and/or U.S. First Class mail.

              <u>s/ Richard Loury</u>
              Case Manager